ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
JOSHUA D. KIENITZ, Bar No. 244903
jkienitz@littler.com
EMILY E. O'CONNOR, Bar No. 279400
eoconnor@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, California  94108.2693
Telephone:     415.433.1940
Facsimile:     415.399.8490

MARK H. PENSKAR, Bar No. 077725
PACIFIC GAS AND ELECTRIC COMPANY
Law Department
P.O. Box 7442
San Francisco, CA 94120
Telephone:     415.972.5672
Fax No.:       415.973.5520

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IGNACIO ARAQUISTAIN, DAVID PAGE AND DOUG GIROUARD, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY and DOES 1 through 25, inclusive, <br><br> Defendant. | Case No.  C 12-03043 EMC <br><br> **DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Pacific Gas and Electric Company ("PG&E" or "Defendant"), through the undersigned counsel, hereby answers the June 11, 2012, First Amended Complaint (Docket No. 1 ["Complaint"]) filed by Ignacio Araquistain, David Page and Doug Girouard ("Plaintiffs").   All allegations not specifically admitted in this Answer are denied.

///

ITLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA  94108.2693
415.433.1940

DEFENDANT PG&E'S ANSWER                                      Case No. C 12-03043 EMC

## I.   INTRODUCTION

1.   Answering ¶ 1 of the Complaint ("Complaint"), Defendant admits that Plaintiffs purport to assert claims under the statute cited, but denies the validity of each and every claim asserted, and denies that Plaintiffs are due any relief (monetary or otherwise) by way of the Complaint.

## II.   PARTIES

2.   a.   Answering ¶ 2(A)(i) of the Complaint, Defendant admits that Plaintiff Araquistain has worked day shifts from 7:00 a.m. to 3:30 p.m., with a scheduled half-hour unpaid meal break.  Defendant admits that Plaintiff Araquistain has worked a ten-hour daytime shift as well as an eight-hour swing shift without a scheduled meal break.  Answering ¶ 2(A)(ii) of the Complaint, Defendant admits that this general description of Plaintiff Araquistain's day shift is accurate. Answering ¶ 2A(iii) of the Complaint, Defendant admits that this general description of Plaintiff Araquistain's eight-hour swing shift and ten-hour daytime shift is accurate.   Defendant denies, however, any implication that Plaintiff Araquistain was denied the opportunity to take a meal break and avers that Plaintiff Araquistain always, under the applicable collective bargaining agreement (Docket No. 1, PGE 000003-000226 [hereinafter, "Contract"]), had the express right to take a meal break (either on-duty or off-duty).  Answering ¶ 2(A)(iv) of the Complaint, Defendant denies that it has "categorically, as a matter of policy, failed and refused" to meet any legal duty with respect to Plaintiff Araquistain, and specifically denies that he was due any "missed-meal payment" at any time from January 1, 2011 to the present.

b.   Answering ¶ 2(B) of the Complaint, Defendant admits that this general description of Plaintiff Page's 12-hour shifts, both prior to and after April 1, 2011, is accurate. Defendant denies, however, any implication that Plaintiff Page was denied the opportunity to take a meal break and avers that Plaintiff Page always had the express contractual right to take a meal break (either on-duty or off-duty).  Defendant denies that it has "categorically, as a matter of policy, failed and refused" to meet any legal duty with respect to Plaintiff Page, and specifically denies that he was due any "missed-meal payment" at any time from January 1, 2011 to the present.

///

ITLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA  94108.2693
415.433.1940

DEFENDANT PG&E'S ANSWER                          2.                          Case No. C 12-03043 EMC

c.   Answering ¶ 2(C) of the Complaint, Defendant admits that this general description of Plaintiff Girouard's shifts of eight consecutive hours or more, both prior to and after April 1, 2011, is accurate.  Defendant denies that prior to April 1, 2011, PG&E did not pay Plaintiff Girouard an additional hour of pay as a missed-meal payment for most instances when he was unable to take an off-duty meal period while working the aforementioned shifts.  Defendant also denies any implication that Plaintiff Girouard was denied the opportunity to take a meal break and avers that Plaintiff Girouard always had the express contractual right to take a meal break (either on-duty or off-duty).  Defendant denies that it has "categorically, as a matter of policy, failed and refused" to meet any legal duty with respect to Plaintiff Girouard, and specifically denies that he was due any "missed-meal payment" at any time from January 1, 2011 to the present.

3.   Defendant admits the allegations in ¶ 3(A) of the Complaint.  Answering ¶ 3(B) of the Complaint, Defendant denies that there are any appropriate "Doe" defendants and denies that Plaintiffs can bring or maintain an action against any "Doe" defendants in this Court.

**III.   JURISDICTION**

4.   Answering ¶ 4 of the Complaint, Defendant denies that Alameda County Superior Court has jurisdiction over Plaintiffs' claims.  (*See* Docket No. 1 [Defendant's Notice of Removal and related filings].)  Defendant avers that this Court (the United States District Court for the Northern District of California) has jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331, 1441(b) and 29 U.S.C. § 185(a).

**IV.   VENUE**

5.   Answering ¶ 5 of the Complaint, Defendant denies that venue is proper in Alameda County Superior Court.  Defendant avers that venue is proper in the United States District Court for the Northern District of California, in either San Francisco County or Alameda County.

**V.   RESPONSE TO [ALLEGED] APPLICABLE LAW AND FACTS**

6.   Defendant incorporates herein its responses to ¶¶ 1-5 of the Complaint. Answering ¶ 6 of the Complaint, Defendant avers that the cited provisions of the Industrial Welfare Commission Wage Orders ("Wage Orders") and the California Labor Code speak for themselves, and require no response from Defendant.  Defendant further avers that Labor Code §§ 512(e)-(g)

ITLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA  94108.2693
415.433.1940

DEFENDANT PG&E'S ANSWER                    3.                    Case No. C 12-03043 EMC

apply here and, for that reason, the cited provisions of the Wage Orders and Labor Code do not apply to Plaintiffs.  Defendant further avers that the Contract covers Plaintiffs, and meets all of the requirements set forth in Labor Code §§ 512(e)-(g).   Defendant denies any remaining allegations in ¶ 6 of the Complaint.

7.     Defendant denies all allegations in ¶ 7 of the Complaint with respect to Plaintiffs.

8.     Defendant denies all allegations in ¶ 8 of the Complaint with respect to Plaintiffs.

9.     Defendant denies all allegations in ¶ 9 of the Complaint with respect to Plaintiffs.

10.     Answering ¶ 10 of the Complaint, Defendant avers that the language of the cited section of the Labor Code speaks for itself and does not require a response.

11.     Answering ¶ 11 of the Complaint, Defendant admits that since April 1, 2011 and continuing to the present, PG&E has correctly treated Plaintiffs and other employees covered by the Contract as being covered by Assembly Bill 569 (Labor Code §§ 512(e)-(g)) ("AB 569").   AB 569 provides that, under certain circumstances (present here), Labor Code § 512(a) does not apply. Defendant further avers that AB 569, as part of the Labor Code, prevails over any inconsistent provisions in the Wage Orders.  Defendant admits that, for this reason, it has not paid Plaintiffs or other employees covered by the Contract a "missed-meal payment" as contemplated by Labor Code § 226.7(b), because Defendant has no legal duty to do so.  PG&E currently does not possess enough information to know whether Plaintiffs' estimate of "approximately 2,000 shift employees ... whose workday consists of eight consecutive hours ..." is accurate, and on that basis denies this allegation. Defendant denies any remaining allegations in ¶ 11 of the Complaint.

12.     Defendant admits the allegations in ¶ 12 of the Complaint with respect to Plaintiffs.  Defendant lacks sufficient knowledge or information as to the allegations in ¶ 12 of the Complaint with respect to "approximately 2,000 other PG&E employees ..." and avers that Plaintiffs have no standing to pursue relief on behalf of them, and on that basis denies said allegations.

///

**VI.      RESPONSE TO FIRST CAUSE OF ACTION**

13.      Defendant incorporates herein all responses to ¶¶ 1-12 of the Complaint. Answering ¶ 13 of the Complaint, Defendant avers that the cited provision(s) of the Labor Code speak for themselves.  Defendant denies all remaining allegations in ¶ 13 of the Complaint.

14.      Defendant denies all allegations in ¶ 14 of the Complaint, including subparagraphs (A), (B) and (C).

15.      Defendant admits the allegations in ¶ 15 of the Complaint.  Defendant admits the authenticity of the documents attached as Exhibit A and B to the Complaint and avers that these documents speak for themselves.  Defendant denies any implication that any of Plaintiffs' claims in this lawsuit have merit.

16.      Defendant denies all allegations in ¶ 16 of the Complaint.

**VII.     RESPONSE TO SECOND CAUSE OF ACTION**

17.      Defendant incorporates herein its responses to ¶¶ 1-16 of the Complaint. Defendant denies all allegations in ¶ 17 of the Complaint.

18.      Defendant denies all allegations in ¶ 18 of the Complaint.

19.      Defendant denies all allegations in ¶ 19 of the Complaint.

**VIII.    RESPONSE TO THIRD CAUSE OF ACTION**

20.      Defendant incorporates herein its responses to ¶¶ 1-19 of the Complaint. Answering ¶ 20 of the Complaint, Defendant avers that the cited section of the California Business & Professions Code speaks for itself and does not require a response.

21.      Defendant denies all allegations in ¶ 21 of the Complaint.

22.      Defendant denies all allegations in ¶ 22 of the Complaint.

23.      Defendant denies all allegations in ¶ 23 of the Complaint.

**IX.      RESPONSE TO FOURTH CAUSE OF ACTION**

24.      Defendant incorporates herein its responses to ¶¶ 1-23 of the Complaint. Defendant admits that a dispute exists between PG&E and Plaintiffs as to whether Labor Code § 512(a) and corresponding provisions of the Wage Orders apply – and Defendant avers that such

///

ITLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA  94108.2693
415.433.1940

DEFENDANT PG&E'S ANSWER                    5.                    Case No. C 12-03043 EMC

provisions do not apply to Plaintiffs.  Defendant denies any remaining allegations in ¶ 24 of the Complaint.

25.     Answering ¶ 25 of the Complaint, Defendant avers that Plaintiffs' characterization of their own allegations requires no response.  Defendant specifically denies that Plaintiffs or any other employee covered by the Contract has worked "without a meal period" and denies that PG&E has violated California law.  Defendant admits that there is a dispute in this regard, one which requires interpretation of the Contract.  Defendant avers that declaratory relief is appropriate in Defendant's favor.

## X.     RESPONSE TO FIFTH CAUSE OF ACTION

26.     Defendant incorporates herein its responses to ¶¶ 1-25 of the Complaint. Defendant denies all allegations in ¶ 26 of the Complaint.

27.     Defendant denies all allegations in ¶ 27 of the Complaint.

## XI.    RESPONSE TO PRAYERS FOR RELIEF

28.     Defendant incorporates herein its responses to ¶¶ 1-26 of the Complaint. Answering Plaintiffs' various Prayers for Relief in the Complaint, Defendant denies that Plaintiffs are entitled to any type of relief, including civil penalties, compensatory damages, liquidated damages, prejudgment interest, restitution, injunctive relief, declaratory relief, an accounting or attorneys' fees and costs.

## XII.   AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof on Plaintiffs or admitting that Defendant has any burden of proof, Defendant asserts the following separate and independent affirmative defenses;

1.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

2.     Plaintiffs' claims are barred, in whole or in part, by virtue of their consent.

3.     Any monies owed to Plaintiffs have been paid in full and any obligations they may have owed to Plaintiffs have been satisfied in full.

///

ITLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA  94108.2693
415.433.1940

DEFENDANT PG&E'S ANSWER                    6.                      Case No. C 12-03043 EMC

1          4.      Plaintiffs have not incurred injuries for which damages are recoverable.  In the

2 event Plaintiffs ever establish an entitlement to damages, Defendant preserves its right to

3 demonstrate that Plaintiffs failed to mitigate their alleged injuries and damages.

4          5.      Plaintiffs' claims are barred, in whole or in part, because all actions alleged to

5 be unlawful were undertaken by Defendant in accordance with the terms of a valid collective

6 bargaining agreement.

7          6.      Any violation of the Labor Code and accompanying Wage Orders was not

8 willful.  Rather, any violation of the Labor Code was an act or omission made in good faith, and

9 PG&E had reasonable grounds for believing that the act or omission was not a violation of the Labor

10 Code or Wage Orders.

11         7.      Assuming that Defendant failed to comply with any provision of the Labor

12 Code, Defendant substantially complied with the Labor Code, thus rendering an award of civil

13 penalties inappropriate under the circumstances.

14         8.      Defendant's business practices were not "unfair," "unlawful," or "deceptive"

15 within the meaning of California Business and Professions Code §§ 17200 *et seq*.

16         9.      Plaintiffs' prosecution of this action as purported representatives of the public,

17 as applied to the facts and circumstances of this case, would constitute a denial of PG&E's

18 substantive and procedural due process rights under the Fourteenth Amendment of the United States

19 Constitution and under the California Constitution.

20        10.      To the extent Plaintiffs seek statutory or other penalties, such claims must

21 comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

22        11.      Plaintiffs' claims for attorneys' fees are barred because Plaintiffs' action is

23 brought for the alleged failure to provide meal periods under Labor Code § 226.7, rather than for

24 alleged nonpayment of wages.

25        12.      Plaintiffs lack standing to bring claims for civil penalties on behalf of others

26 because Plaintiffs are not "aggrieved employees," pursuant to the Labor Code Private Attorneys

27 General Act ("PAGA"), Labor Code §§ 2698, *et seq*.

28 ///

ITLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA  94108.2693
415.433.1940

DEFENDANT PG&E'S ANSWER       7.       Case No. C 12-03043 EMC

13.     Plaintiffs have failed to identify any other allegedly "aggrieved employees," as required by the PAGA.

14.     Defendant's due process rights would be violated if Plaintiffs were allowed to adjudicate the claims of other present or former PG&E employees, pursuant to the PAGA, without first establishing that the claims or defenses of Plaintiffs are typical of the claims or defenses of the other employees Plaintiffs purport to represent, or without first establishing that there are common questions of law and fact to all of the employees whom Plaintiffs purport to represent.

15.     Whether one or more "aggrieved employees" exist within the meaning of the PAGA, and whether one or more of them is entitled to civil penalties pursuant to the PAGA, cannot be determined on an aggregate basis.

16.     Plaintiffs' claims are barred, in whole and in part, because Plaintiffs failed to exhaust administrative remedies contained in the parties' collective bargaining agreement.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by reason of the Complaint;

2.     That judgment be entered on the Complaint in favor of Defendant and against Plaintiffs on all causes of action, and that the Complaint be dismissed with prejudice;

3.     That Defendant be awarded its attorneys' fees and costs of suit incurred herein, to the maximum extent allowed by law; and

4.     For such other and further relief as the Court may deem just and proper.

Dated: June 20, 2012                          /s/ Robert G. Hulteng
                                              ROBERT G. HULTENG
                                              LITTLER MENDELSON, P.C.
                                              Attorneys for Defendant
                                              PACIFIC GAS AND ELECTRIC COMPANY

Firmwide:112361943.3 048517.1040

ITLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

DEFENDANT PG&E'S ANSWER                    8.                    Case No. C 12-03043 EMC